IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAVID ORTIZ-RODRIGUEZ<br>Plaintiff<br>vs<br>UNITED PARCEL SERVICE<br>Defendant | CIVIL 07-1846CCC |

# O R D E R

A Petition to Review and Vacate Arbitration Award was filed by petitioner David Ortíz-Rodríguez (Ortíz) on September 13, 2007 (docket entry 1). The Arbitration Award which review is sought was issued on December 8, 2006 in favor of respondent United Parcel Services (UPS), petitioner's former employer, and validated his termination based on an alleged failure to provide services. The award was notified to petitioner by his labor union, Unión de Tronquistas, on December 13, 2006, which also informed him that it would not be appealing the award but authorized him to do so if he wished. Petitioner then filed an initial petition to review the award in the Court of First Instance of the Commonwealth on January 9, 2007, but after it was removed to this Court and respondent filed a motion for summary judgment he asked that it be dismissed without prejudice. The dismissal requested was granted on June 15, 2007. This is, thus, Ortíz' second petition for review of the arbitral award.

Respondent has now moved to dismiss the petition claiming that it is time-barred (docket entry 5). Although it recognizes that section 301 of the Labor Management Relations Act (29 U.S.C. §185), under which the petition was brought, does not establish time limits for the filing of actions, it notes that the Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 158 (1983), instructed courts to borrow the most closely analogous period from state statutes. Respondent further posits that the Court of Appeals already did that exercise in Posadas de Puerto Rico Associates, Inc. v. Asociación

Civil 07-1846CCC                                                  2

de Empleados de Casino de Puerto Rico, 873 F.2d 479 (1st Cir. 1989), where it held that §301 suits to vacate arbitration awards in Puerto Rico must be filed within thirty (30) days after issuance of the award.  Respondent claims that the petition here was filed beyond that time period; hence its claim that it is time-barred.  Petitioner has failed to respond to the dismissal motion.

     It is undisputed here that the arbitration award which petitioner seeks to set aside was issued on December 8, 2006, see attachment 1 to docket entry 1, and the first petition to review was docketed in the Court of First Instance of the Commonwealth, Superior Part of Mayagüez, on January 9, 2007.  See Attachment 1 to docket entry 1 in Civil No. 07-1114(CCC).  Thus, the first petition to review was filed 31 days after the award was issued, beyond the thirty-day prescriptive period established by Posadas.  But even if that first petition would have been timely filed, upon its dismissal in June 15, 2007 a new thirty-day period would have started to run.  The filing of the present petition on September 13, 2007, however, also exceeded the thirty-day prescriptive period.  Accordingly, the second petition currently before us was untimely filed as averred by respondent.

     For the reasons stated, the unopposed Motion to Dismiss filed by respondent UPS on November 28, 2007 (**docket entry 5**) is GRANTED.  Judgment shall be entered DISMISSING the Petition to Review and Vacate Arbitration Award (docket entry 1).

     SO ORDERED.

     At San Juan, Puerto Rico, on March 27, 2008.


                                                     S/CARMEN CONSUELO CEREZO
                                                     United States District Judge